UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

    Plaintiff,

v.                                                Case No:  2:15-cv-15-FtM-38CM

NATIONWIDE INSURANCE COMPANY OF AMERICA,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff Lee Memorial Health System's Motion for Remand (Doc. #14) filed on February 13, 2015.  The Defendant, Nationwide Insurance Company of America filed its Response in Opposition (Doc. #19) on February 27, 2015.  The Motion is now fully briefed and ripe for the Court's review.

## FACTS

On March 1, 2013, Valentin Sanchez, who was a pedestrian, was struck by an automobile driven by Kevin James Jarvis in the town of Clewiston, Florida.  Sanchez was taken from the scene of the accident by ambulance to a nearby parking lot where he was then air lifted by helicopter to one of Lee Memorial Health Services' (LMHS) hospitals.[2]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Complaint does not specify which one of the hospitals operated by Lee Memorial Health Services treated Sanchez.

Sanchez was admitted to LMHS on March 1, 2013, and remained hospitalized until March 5, 2013.

LMHS billed Sanchez $112,685.83 for the medical services he was provided while he was hospitalized. $101,894.70 of that amount remains unpaid. On March 6, 2013, LMHS recorded a hospital lien claim against Sanchez for $52,596.68 in the official records of Lee County, Florida. On March 13, 2013, LMHS recorded an amended hospital claim lien against Sanchez in the official records of Lee County, Florida in the amount of $101,894.70.

Nationwide which insured Jarvis' automobile settled the claim with Sanchez. LMHS alleges that Nationwide settled Sanchez's claim without consideration of LMHS's hospital lien claim. Sanchez released Nationwide from any further liability after the settlement. LMHS did not consent to the release from liability nor did it approve the settlement between Sanchez and Nationwide. LMHS argues that Nationwide knew or should have known about the hospital services lien claim and not settled with Sanchez without first satisfying the lien.

As a result, LMHS filed a lawsuit against Nationwide in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida. Nationwide removed the case from the State Court to this Court on January 14, 2015. LMHS now moves the Court to remand the case to the Circuit Court arguing that the Parties are not diverse.

## **STANDARD OF REVIEW**

A defendant may remove a civil case from state court provided the case could have been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if there is complete diversity of citizenship among the parties and the amount

in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. Moreland v. SunTrust Bank, No. 2:13–cv–242–FtM–29UAM, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir.2010). Additionally, removal statutes are to be strictly construed, and any doubt as to the presence of jurisdiction should be resolved in favor of remand. Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir.2001). With these principles in mind, the Court will look to see if diversity jurisdiction exists between the Parties at issue in this case.

## DISCUSSION

LMHS argues the case should be remanded to the Twentieth Judicial Circuit Court because the Parties are not diverse. LMHS claims that Nationwide is a citizen of Florida for the purposes of diversity jurisdiction because this case is a direct action as set forth in 28 U.S.C. § 1332(c)(1). Nationwide counters that the Parties are diverse because this is not a direct action under § 1332(c)(1).

The amount in controversy at issue in this case exceeds $75,000.00 with LMHS asking for $101,894.70 in damages. Because the amount in controversy has been met, the remaining issue is whether the Parties are citizens of different states. For the purposes of determining diversity, a corporation is generally deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principle place of business. 28 U.S.C. § 1332. Even so § 1332(c)(1) contains a direct action exception for liability insurers in certain circumstances. LMHS argues the direct action exception applies to this case.

In any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen. 28 U.S.C. § 1332(c)(1). In other words, § 1332(c)(1) treats insurers as if they are citizens of the same state as their insured in direct actions by third parties against that carrier. Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1299 (11th Cir.2014) ("[I]f a third-party plaintiff brings a direct action against a tortfeasor's liability insurer, the insurer is considered a citizen of the insured's state."). Although not statutorily defined, courts have "'uniformly defined' the term 'direct action' to refer to those 'cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Kong, 750 F.3d at 1299–1300 (quoting Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir.1985) (emphasis omitted)).

In this instance, Sanchez was not the insured covered under the Nationwide policy. Instead, the insured was Jarvis the driver of the vehicle that struck Sanchez. While LMHS may have been harmed by Sanchez's action, and Sanchez may be liable to LMHS for the medical services provided, Nationwide was not Sanchez's insurer. A direct action does not exist unless the plaintiff's cause of action against the insurer is of such a nature that the liability sought to be imposed could be imposed against the insured. Fortson, 751 F.2d at 1159. Since Sanchez was not the insured under the Nationwide policy, LMHS's litigation against Nationwide is not a direct action. As such, the direct action exemption does not apply to this case.

Upon review of the Removal and Complaint, the Court finds, the Plaintiff LMHS is a citizen of the State of Florida. The Defendant Nationwide is a corporation organized and existing under the laws of the state of Ohio with its principal place of business also in Ohio. Accordingly, Nationwide is a citizen of the State of Ohio for the purposes of diversity jurisdiction. Therefore, the Parties are diverse, the Court maintains diversity jurisdiction, and the Motion to remand is denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff Lee Memorial Health System's Motion for Remand (Doc. #14) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of March, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record